UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIA ANTONIA FRANCO,

Petitioner,

v.

JANEL ESPINOZA, Warden,

Respondent.

No. 1:18-cv-00057-SKO HC

**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE**

**(Doc. 2)**

Petitioner, Maria Antonia Franco, is a state prisoner seeking to proceed with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 3, 2017, Petitioner filed her petition with the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1.) On January 12, 2018, United States Magistrate Judge Craig M. Kellison transferred the case to this Court, because Petitioner is challenging her conviction issued by the Fresno County Superior Court. (Doc. 4.)

In her habeas petition, Petitioner sets forth two fully exhausted claims, and moves for an order of stay and abeyance pending resolution of the unexhausted claim for ineffective assistance of counsel in the California state courts.

## I.    Procedural Background

On May 23, 2013, following a jury trial in Fresno County Superior Court, Petitioner was convicted of (1) attempted murder (Cal. Penal Code §§ 187(a), 664), (2) second degree robbery (Cal. Penal Code § 211), and (3) possession of a firearm by a felon (Cal. Penal Code § 29800(a)(1)).  In connection with the first two counts, Petitioner was alleged to have personally and intentionally discharged a firearm and proximately caused great bodily injury (Cal. Penal Code § 12022.53(d)).

Petitioner was sentenced to nine years plus 25 years to life for proximately causing great bodily injury with a firearm in connection with the second degree robbery charge, plus a concurrent three year term for being a felon in possession of a firearm.  The trial court also imposed a sentence of five years plus 25 years to life for proximately causing great bodily injury with a firearm for attempted murder, but stayed execution of this sentence.[1]

Petitioner filed a direct appeal.  On June 2, 2016, the California Court of Appeal for the Fifth Appellate District affirmed the conviction.  The California Supreme Court denied the petition for review on August 10, 2016.  Petitioner filed a federal petition for writ of habeas corpus on November 3, 2017, and requested an order of stay and abeyance to permit him to pursue his sole unexhausted claim through the California state courts.

## II.    Standards for Granting Order of Stay and Abeyance

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised.  *Rose v. Lundy*, 455 U.S. 509, 515 (1982).  A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971).  "[P]etitioners who come to federal courts with

---

[1] The record does not indicate why the sentence for the attempted murder charge was stayed.

'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends her petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require her to demonstrate good cause as does the *Rhines* procedure. *King*, 564 F.3d at 1140. Since Petitioner specifically asks the Court to analyze the stay pursuant to *Rhines*, the Court will analyze Petitioner's motion using the *Rhines* alternative.

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in

3

denying a stay. 544 U.S. at 278.

### III.  Petitioner Has Properly Articulated a Claim for a Stay and Abeyance

Petitioner sets forth one unexhausted ground for relief: ineffective assistance of counsel for failure to investigate and produce into evidence a medical report.

From the limited record, the Court cannot say that the ineffective assistance of counsel claim is "plainly meritless." *See Id*. Further, nothing in the record suggests that Petitioner has intentionally or maliciously failed to pursue her potentially meritorious claim. *See Id*. Accordingly, the Court finds good cause for the unexhausted claim and will grant a stay and abeyance under *Rhines*.

### IV.  Conclusion and Order

The Court hereby ORDERS as follows:

1.     The Court GRANTS Petitioner's motion for stay and abeyance to permit exhaustion of the twelve stated unexhausted claims pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995).

2.     Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state court proceedings.

3.     Petitioner shall file an additional status report every ninety (90) days thereafter.

4.     Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, Petitioner shall file a motion to lift the stay and an amended habeas petition setting forth all exhausted claims. The Court shall then screen the petition pursuant to the Rules Governing Section 2254 Cases.

5.     If Petitioner fails to comply with this Order, the Court will vacate the stay, *nunc pro tunc* to the date of this Order, and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition. *See Anthony v. Cambra*, 236 F.3d 568, 574

(9th Cir. 2000).  Such dismissal may render the petition untimely in light of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

IT IS SO ORDERED.

Dated:  **January 24, 2018**                      /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE