UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANTONIA FRANCO,<br><br>Petitioner,<br><br>v.<br><br>JANEL ESPINOZA, Warden,<br><br>Respondent. | No. 1:18-cv-00057-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PETITIONER FOR FAILURE TO OBEY A COURT ORDER**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 13)** |

On November 3, 2017, Petitioner, Maria Antonia Franco, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On January 25, 2018, the Court stayed proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995), to permit Petitioner to exhaust certain claims in state court. (Doc. 16.) The order directed Petitioner to file, within 30 days of the California Supreme Court's issuing a final order resolving her claims, a motion to lift the stay and an amended petition setting forth all exhausted claims.

1

On October 9, 2018, Petitioner notified the Court that on September 19, 2018, the California Supreme Court denied review of her petition. Although more than thirty days have passed after the California Supreme Court issued a final order, Petitioner did not file a motion to lift the stay and an amended petition.

On October 23, 2018, the Court ordered Petitioner to show cause within fifteen days why her petition should not be dismissed for failure to obey the Court's order filed January 25, 2018. More than fifteen days have passed, but Petitioner failed to respond to the Court's order to show cause.

The Court has the discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissal of an action based on Petitioner's failure to comply with a court order. Fed .R. Civ. P. 11; Local R. 110.

## **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State

court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court recommends declining to issue a certificate of appealability.

**Recommendation**

Accordingly, the undersigned hereby recommends that the petition in this action be dismissed without prejudice for failure to obey a court order and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written

3

| | |
|---|---|
| 1 | objections with the Court.  The document should be captioned "Objections to Magistrate Judge's |
| 2 | Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within |
| 3 | **fourteen (14) days** after service of the objections.  The parties are advised that failure to file |
| 4 | objections within the specified time may constitute waiver of the right to appeal the District Court's |
| 5 | order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 |
| 6 | F.2d 1391, 1394 (9th Cir. 1991)). |

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated:  **November 9, 2018**                              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE