UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANTONIA FRANCO,<br><br>Petitioner,<br><br>v.<br><br>JANEL ESPINOZA,<br><br>Respondent. | No. 1:18-cv-00057-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 29) |

Petitioner Maria Antonia Franco is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 6, 2019, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be denied on the merits. (Doc. No. 29.) Specifically, the magistrate judge found that each of the three grounds for habeas relief asserted in petitioner's pending petition—(1) the prosecution failed to prove beyond a reasonable doubt that petitioner personally discharged a firearm that caused great bodily injury; (2) the trial court failed to use a pattern instruction that "fully define[d] proximate cause"; and (3) petitioner received ineffective assistance of counsel at trial—fail on their merits. (*Id.* at 6–20.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were

to be filed within ten (10) days after service. (*Id*. at 20.) After seeking and receiving an extension of time to file objections, petitioner filed objections on November 18, 2019. (Doc. Nos. 30, 31, 32.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In her objections, petitioner does not meaningfully dispute the magistrate judge's finding that each of the three grounds for federal habeas relief she asserts fails on the merits. The pending findings and recommendations lay out the standards of review for each of the three asserted grounds and explains why the pending petition falls short of satisfying those standards for the granting of relief. The objections do not dispute or even address these standards and, instead, offer additional arguments in support of the three grounds for relief asserted by petitioner. (*See generally* Doc. No. 32.) For example, petitioner asserts that "no fairminded jurist would agree that Franco's gunshot to Lopez's left side or flank[] caused any great bodily injury" and that "[t]he record is clear and convincing that it was a graze wound which just nicked the skin" (*id.* at 4) (internal quotation marks omitted), but does not respond to the magistrate judge's finding that petitioner failed to show (1) that the state court's determination that petitioner's actions were a substantial factor in causing the injuries sustained by the victim was unreasonable or (2) that the state court's rejection of this claim was contrary to or an unreasonable application of the law (Doc. No. 29 at 10). Petitioner's objections to the recommended denial of her second and third grounds for federal habeas relief are similarly deficient. For example, even if the court were to accept petitioner's argument that the jury instruction given at her trial with respect to defining "proximate cause" omitted language requiring "a chronological or temporal requirement to the causation" (Doc. No. 32 at 9), petitioner does not contend that this purported instructional error had a substantial or injurious effect or influence on the jury's verdict (Doc. No. 29 at 14). And, even if the court accepts petitioner's assertion that her trial counsel could have pursued other avenues of investigation (Doc. No. 32 at 12), petitioner does not dispute the findings of the

state court and the magistrate judge that she suffered no prejudice as a result of her trial counsel's alleged ineffectiveness (Doc. No. 29 at 19). Because petitioner's objections are unpersuasive and the analysis set forth in the pending findings and recommendations is sound, the court will adopt the June 6, 2019 findings and recommendations in full.

Finally, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* at (c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

For the reasons set forth above,

1. The June 6, 2019 findings and recommendations (Doc. No. 29) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The Clerk of the Court is directed to close this case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 22, 2020**

UNITED STATES DISTRICT JUDGE

3